**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**IDRIS OTE HAMPTON**                                                                 **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:09CV406-HTW-LRA**

**SHERIFF MALCOLM MCMILLIN, ET AL**                            **DEFENDANTS**

---

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the undersigned on the "Motion to Dismiss Improperly Named Defendant Herman Thurman," docket entry 14, filed on September 8, 2009, and the "Renewed Motion to Dismiss Improperly Named Defendant Herman Thurman," docket entry 27, filed on April 22, 2010. The motions were filed by counsel for Hinds County, who represents the remaining Defendants.

Plaintiff named "Lt. Herman Thurman" in his Complaint as a Defendant in this cause. According to the movant, the Hinds County Sheriff's Department does not employ anyone named Herman Thurman, nor was a person with such name employed by the Hinds County Sheriff's Department at the time in question. Service of process was returned on Herman Thurman, at the address of Hinds County Detention Center, 1450 County Farm Road, Raymond, MS 39154, and filed on August 26, 2009. The summons is marked that it was accepted by Katherine Pugh. The movant asserts that this was insufficient service of process, since "Herman Thurman"

was not employed at HCDC when Katherine Pugh accepted process. Ms. Pugh also accepted process on all the remaining Defendants, and there is no assertion that service on these Defendants is insufficient.

On May 5, 2010, the undersigned entered an Order to Show Cause directing Plaintiff to provide a current address where Defendant Herman Thurman could be served with process. Plaintiff was directed to show cause why the Motions to Dismiss [#14 & 27] filed by Hinds County should not be granted. Plaintiff filed a response to this Order on June 14, 2010; he did not address the issue of who "Herman Thurman" is and/or where he could be served with process. He instead responded to the remaining Defendants' pending Motion for Summary Judgment.

Defendant requests that the complaint be dismissed as to "Herman Thurman" for failure to state a claim upon which relief can be granted, insufficiency of process, and insufficiency of service of process. The Court presumes the request is made pursuant to Rule 12 (b)(4)-(6).

Under the Federal Rules of Civil Procedure, a summons must include the names of the parties, among other things, and must be directed to the defendant being sued. Fed. R. Civ. P. 4(a)(1). Thus, process may be insufficient if the summons and complaint refer to a party in the wrong name. Id. Insufficient process, as well as insufficient service of process, implicate a court's authority to exercise personal jurisdiction over a

defendant. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). It is undisputed in this case that Plaintiff's process and service of process were improper, as Ms. Pugh had no authority to accept process for any person named "Herman Thurman." Accordingly, this Court lacks personal jurisdiction over such person.

Dismissal of a case is not appropriate where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." Neely v. Khurana, 2008 WL 938904 at *2 (N.D. Tex. April 7, 2008). Dismissal, in fact, is not appropriate unless "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." Id. In this case, Plaintiff has failed to further identify "Herman Thurman" or to give the Court an address where any such person could be served. He has named Deputy John Robinson as the person who allegedly struck him. He only named "Lieutenant Herman Thurman" as a supervisor of Deputy Robinson because of his "improper training." According to Hinds County, no such person exists; Plaintiff has not shown otherwise or described another person who may have been the person he erroneously named. Other supervisors named do exist and are current Defendants. The case should not proceed against this unknown "Herman Thurman" unless and

3

until Plaintiff can give further identification of the person and an address where he may be served.

For the above reasons, the undersigned recommends that the Motions to Dismiss [#14 & 27] filed by counsel for Hinds County be GRANTED, and that the Complaint be dismissed without prejudice as to Defendant "Herman Thurman." In the event Plaintiff is able to further describe this person, in order that process may be obtained over him, he may file an appropriate motion.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff shall file any objections to this Report and Recommendation on or before July 26, 2010, or "Herman Thurman" shall be dismissed as a Defendant in this case without further notice.**

THIS the 6th day of July, 2010.


                                              S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE