# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**IDRIS OTE HAMPTON**                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:09CV406-LRA**

**DEPUTY JOHN ROBINSON**                             **DEFENDANT**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS CAUSE came before the undersigned Magistrate Judge on August 2, 2012, at 9:00 a.m. for an evidentiary hearing regarding Plaintiff Idris Ote Hampton's claims against Defendant Deputy John Robinson.  Plaintiff and Defendant executed a consent pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 to the jurisdiction of the Magistrate Judge.  By Order of Reference entered by Judge Henry T. Wingate on August 2, 2012, this case was assigned to the undersigned Magistrate Judge for all purposes.

### Evidence Presented

Plaintiff called as his only witness inmate Stacy Berry, now housed at the South Mississippi Correctional Institution [SMCI] in Leakesville, Mississippi.  Berry testified that on March 26, 2009, he was housed in the Hinds County Detention Center as a trustee.  He recalls that Plaintiff Hampton "had words with Deputy Robinson" on that date and believes that he heard cursing.  After Hampton went to his pod, and Robinson followed him, Berry testified that he could hear a noise which sounded like a slap.  He did not actually see Robinson hit Hampton, as there was a cinder block wall between them.  Hampton was housed in isolation, whereas Berry was housed in general population.

Plaintiff also testified on his own behalf. According to his testimony, on the night of March 26, 2009, Plaintiff left his cell to get in the medication line. After taking his medication, he got some hot tap water, which he knew was against policy. Nurse Maurice Gordon told him to pour it out, and Plaintiff replied "who's going to say something?" Defendant Deputy Robinson overheard this conversation and said "I'll know." Plaintiff testified that as he walked back to his cell, Defendant Robinson came from behind him and hit him in the face; his face was swollen as a result of the assault.

The nurse examined Plaintiff, and he was taken to medical that night about an hour after the assault. He was given something for the pain. He was also treated by a physician the following Monday and then again on a day later in the week. The doctor gave him something for the pain.

Defendant John Robinson testified on his own behalf. He also called Deputy Jimmy Smith and Lt. Stanley Thurman as witnesses. He introduced into evidence Plaintiff's jail records and medical records [Exhibit D-1]; the Internal Affairs Investigative Report [Exhibit D-2]; a Sign-in sheet for March 26, 2009 [Exhibit D-3]; and, the transcript of the omnibus hearing conducted December 14, 2009 [Exhibit D-4].

According to Defendant Robinson's testimony, he was in the C-pod on March 26, 2009, assisting with the distribution of medicine. He overheard a medical deputy, Maurice Gordon, instruct Plaintiff that he could not get hot water. Hampton did so anyway, and Gordon instructed him to pour it out. After he did so, Deputy Robinson escorted Hampton

back to his cell.  While walking in front of him, Hampton turned to Robinson and cursed him; Hampton then turned around suddenly, with his fists balled, and made an aggressive move toward Robinson.  Robinson testified that he felt threatened and protected himself by leaning backward and hitting Hampton on the neck with the side of his hand.  This "chop" disabled Plaintiff, and he fell to his knees, grabbing Robinson's leg as he fell.  Officers Jimmy Smith and Bobby Washington immediately picked Hampton up and took him back to his cell.

Deputy Robinson testified that he had been trained regarding the use of force, and that he understood what "excessive force" was.  According to Defendant, the force he used against Plaintiff was not excessive under the circumstances; one swing used to prevent Plaintiff from attacking him was not excessive.

Deputy Smith's testimony fully corroborated Deputy Robinson's.  He testified that Plaintiff made an aggressive step towards Deputy Robinson; Robinson used his open hand and slapped Plaintiff once on the neck to defend himself.  He testified that the force used was minimal and was necessary to prevent Plaintiff from attacking Defendant.  Smith also testified that Plaintiff had cursed Defendant prior to this event.

Lt. Stanley Thurman testified that he saw Plaintiff right after the incident, but he saw no injuries; Plaintiff's clothes may not have been straight but he "looked fine."  He had no bumps, blood, black eye, or red face.  Lt. Thurman also testified that Officer Eric Scott was

not working on the date of the incident, March 26, 2009.  Plaintiff had stated in his

Complaint that Officer Scott was present during the incident and failed to assist him.

The medical reports confirm that Plaintiff received medical attention on March 26

and 27, 2009, and on April 18, 2009.  Plaintiff reported to medical personnel about "having

a little tussle" and suffering from minor pain around the cheek area.

## Applicable Law

The Due Process Clause, applicable to the States through the Fourteenth

Amendment, protects a pretrial detainee from excessive force that amounts to punishment.

*Graham v. Conner*, 490 U.S. 386, 395, n. 11 (1989).  The inquiry for the Court is whether

the force is applied in a good-faith effort to restore discipline or in self-defense, or

maliciously and sadistically for the purpose of causing harm.  *See Hudson v. McMillian*,

503 U.S. 1 (1993).  The absence of serious injury, as in the case now before this Court, is

only one factor that may suggest whether the use of force could plausibly have been thought

necessary in a particular situation, and may provide some indication of the force applied.

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (no specific quantum of injury required).

The Supreme Court in *Wilkins* stated that the "core judicial inquiry" should not be the

extent of the injury, but "the nature of the force— specifically, whether it was nontrivial

and was applied ... maliciously and sadistically to cause harm...."  *Id.* at 1179.

To prevail on an excessive force claim, Plaintiff must establish (1) an injury which is more than *de minimis*[1] (2) which resulted directly and only from a use of force that was clearly excessive to the need, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).

### Findings and Conclusion of the Court

Plaintiff has claimed that he was "maliciously and excessively assaulted" by Defendant Robinson without proper cause and without justification. The Court has weighed the evidence presented by the parties and finds that Plaintiff has failed to prove his claims by a preponderance of the evidence. Instead, Defendant has offered convincing evidence that the force he used against Plaintiff was applied in a good-faith effort to defend himself and to restore order. The Court finds that Plaintiff turned to Defendant with clenched fists and in an aggressive posture; it was reasonable for Defendant to believe that he was in danger. The Court further finds that the force used was reasonable under the circumstances and was the least amount of force that Defendant Robinson could have used to subdue the threat he perceived.

The Court further finds that Plaintiff provided conflicting testimony regarding Deputy Eric Scott, as well as conflicting testimony regarding both the blow he received and

---

[1]The Fifth Circuit has not yet addressed the potential impact of *Wilkins* on cases pertaining to conditions of confinement. *Blackmon v. Garza,* 2012 WL 3086215, *7 (5th Cir. July 30, 2012). But it previously has required a showing of more than a *de minimis* physical injury to sustain a claim predicated on a violation of Eighth Amendment rights. *Id.*

the injury he sustained.  His witness, Stacy Berry, gave testimony that was consistent with Defendant Robinson's proof; further, Officer Smith's testimony corroborated Defendant Robinson's testimony.

Concluding that Plaintiff has not presented evidence which proves that Defendant Robinson violated his constitutional rights, the Court finds that his Complaint must be dismissed with prejudice.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint is dismissed with prejudice, and Final Judgment shall be entered on this date in favor of Defendant Officer John Robinson.

SO ORDERED, this the 8th day of August, 2012.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE